## HARTFORD COUNTY, FEBRUARY TERM, A. D. 1790.

### DEMING V. BRISTOL.

A mortgage deed, by which more than lawful interest is secured is void by the statute.

ACTION of ejectment. Plea in bar — That the plaintiff's title is a mortgage given for security of a debt, in and by which is taken and secured, by the corrupt agreement of the parties, a sum for the loan and forbearance over and above the lawful interest, etc. The jury find a verdict for the defendant.

The case was, Bristol and Hart set about building a sawmill, applied to the plaintiff and one Street to assist them, by loaning them money or goods; upon which it was agreed that Bristol and Hart should draw orders in favor of their workmen, payable in goods at cash price, upon Deming and Street, which they would accept and pay, and credit the defendants one year, for which they were to pay to the plaintiffs, etc. six shillings eight pence on the pound at the end of the year. Before the year was ended, they came upon the defendant and Hart, and obliged them to give the mortgage, and included the six shillings and eight pence on the pound, upon what they had advanced; and put the whole upon interest from that time.

Two questions were made — 1st. Is this a sale of goods upon a year's credit at an advance of six shillings and eight pence upon the pound, or a loan disguised? 2d. The plaintiff and Street's taking security before the year was up, and including interest from that time, upon said debt and advancement, was clearly over the lawful interest, and will justify the verdict of the jury.

### STATE V. GIBBS.

If an information for counterfeiting is not exhibited within a year from the commission of the offense, it is good cause for arresting judgment.

INFORMATION for counterfeiting a final settlement note of $1,000.

Plea — Not guilty. Verdict — That he was guilty.

Motion in arrest — That said offense is laid in the information, and in fact was committed more than one whole year, before any legal prosecution was instituted against him.

Judgment — Motion sufficient, for the statute is positive that such information is void and of no effect.

### CASE v. WORTHINGTON, EXECUTRIX OF ELIAS WORTHINGTON.

Where an absolute deed is given of lands, as a security for a debt, a letter under the hand of the grantee, acknowledging said deed to be for security only, is a note in writing, which takes it out of the Statute against Frauds and Perjuries.

PETITION in chancery — Showing that he executed to the said Elias a clear deed of the following piece of land, describes it, to secure the payment of certain executions said Elias held against him; that he had paid up all said executions; and that said Elias agreed to release to him his land, praying for relief, etc.

The respondent objected to any parol evidence being admitted. The petitioner produced a letter under the hand of the said Elias, acknowledging that said deed was given for security of said executions; also produced said executions, and it appeared they were not wholly paid.

The court decreed — That said executrix should release the land, upon the petitioner's paying £86 and the cost, etc.

### PATTEN v. GOODWIN.

Twelve days' notice is to be given to an author of a book, etc. who is complained of for not vending a sufficient number, or for asking an unreasonable price for them.

PATTEN exhibited to the chief judge of the Superior Court, a complaint against said Goodwin, on the day before the sitting of this court, therein alleging that said Goodwin, in whom was the copyright of Webster's Institute of English Grammar, did not supply the public with a sufficient number of said books; and that he sold them at an exorbitant price, etc. contrary to the statute, entitled an act for the encouragement of literature and genius, etc. upon which a citation was granted and served the same day, citing said Goodwin to appear before this court, and answer to said complaint.

Plea in abatement — That there ought to be twelve days' notice.

Judgment — That the plea in abatement is sufficient.